

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TDK
F.#2011R00935

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 6, 2011

BY HAND and ECF

Jeffrey Lichtman, Esq.
750 Lexington Avenue
15th Floor
New York, NY 10022

      Re:  United States v. James Rosemond
           Criminal Docket No. 11-CR-424 (JG)

Dear Mr. Lichtman:

      Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed with this letter discovery in the above-referenced matter.  Please also consider this letter to be the government's request for reciprocal discovery.

1.    Statements of the Defendant

      Please find enclosed a compact disc titled "Confidential Recordings," which contains consensual recordings of conversations in which the defendant was a participant.  Please also find in this folder a draft transcript of the August 18, 2010 recording.

      Please also find a DVD titled "Rosemond 1st Production," which contains a subfolder titled "Inmate Recordings," where recorded telephone conversations of the defendant speaking with inmates at various federal prisons can be found.  Please also find in this folder a draft transcript of the June 18, 2010 recording.

2.    Prior Criminal History

      Please also find on the aforementioned DVD a folder titled "Criminal History" which contains documents pertaining to the defendant's criminal history.

3.   Documents and Tangible Objects

Please find on the aforementioned DVD a folder titled "101 Willoughby," containing copies of documents recovered from a search of that location as well as photographs of that location taken during the search.  Please note that the warrant pertaining to that search can be located within this folder. Please also note that government has in its possession six Blackberry devices recovered from that search.  You may call me to arrange a mutually convenient time to inspect and/or photograph these items.

Please also find on the aforementioned DVD a folder titled "65th Street," containing copies of documents recovered from a search of that location as well as photographs of that location taken during the search.  Please note that the warrant pertaining to that search can be located within this folder.

Please also find on the aforementioned DVD a folder titled "Emails," containing emails and email attachments recovered from a search of the accounts jimmy.rosemond@gmail.com and jr@czar-ent.com.  Please note that the warrant pertaining to the searches of those accounts can be located within that folder.

Please also find on the aforementioned DVD a folder titled "Park Ave Bank," containing documents pertaining to the defendant's transactions at the bank as well as video footage of the defendant making cash-mortgage payment.

Please also find on the aforementioned DVD a folder titled "Traps," containing photographs of two of the defendant's vehicles, a Dodge Charger and a Lexus LS600H.  Please note that the photographs include those of the vehicles' interior, which contained concealed compartments.  Please also note that the government is in possession of those vehicles.

Please also find on the aforementioned DVD a folder titled "Surveillance Photos," containing surveillance photos taken on July 3, 2010.

Please also find on the aforementioned DVD a folder titled "Money Orders," containing a chart compiling over $1 million of money orders purchased by the defendant, or on his behalf, since 2003.

Please also find on the aforementioned DVD a folder titled "Cash 12-29-2010," containing photographs of cash seized at a recording studio in New York City on December 29, 2010.

3

      Please also find on the aforementioned DVD a folder titled "City National Bank," containing records pertaining to a 2007 transaction referenced in Count 11 of the aforementioned indictment.

      Please also find on the aforementioned DVD a folder titled "Cocaine," containing photographs of 1 kilogram of cocaine that the defendant delivered to a cooperating witness on May 11, 2011. The laboratory report pertaining to the narcotics is referenced below.

      Please also find on the aforementioned DVD a folder titled "E-911 Data," containing data pertaining to the location of telephone number 347-793-0234 for the period May 5, 2011 - June 4, 2011. Please note that the DVD contains another folder titled "Pen Register," containing pen register information for the same telephone for the same period.

      Please also find on the aforementioned DVD a folder titled "EZPASS," containing documents provided by the MTA concerning the defendant's EZPASS account.

      Please also find on the aforementioned DVD folders titled "London Hotel," "Sheraton Hotel" and "W Hotel," containing documents provided to the government by the above-mentioned entities.

      Please also find on the aforementioned DVD a folder titled "Rock-It Cargo," containing documents provided to the government by that entity.

      Please also find on the aforementioned DVD a folder titled "Valley National Bank," containing documents provided to the government by that entity.

      Please also note that the government is in possession of five Blackberry Devices as well as an IPAD-2 computer that were in the defendant' possession at the time of his apprehension on June 21, 2011. You may call me to arrange a mutually convenient time to inspect and/or photograph these items.

4. <u>Reports of Examinations and Tests</u>

      Please find on the aforementioned DVD a folder titled "Lab Report," pertaining to the cocaine recovered on May 11, 2011. Laboratory Reports pertaining to additional seizures will be forthcoming.

5. <u>Expert Witnesses</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with the expert's credentials and a summary of the expert's opinion. At this time, the government anticipates calling experts in controlled substances to testify concerning the findings contained in the above-referenced laboratory reports. An expert will also testify to the retail and wholesale value of the narcotics, and to the fact that the amount of drugs in this case is consistent with distribution, not personal use.

6. <u>Brady Materials</u>

The government is unaware of any exculpatory material regarding the defendant in this case. The government is aware of and will comply with its obligation to produce exculpatory material or information under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

The government will furnish the defense before trial with information or material regarding payments, promises of immunity, leniency, or preferential treatment, if any, made to prospective witnesses within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972) and <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may testify at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

<u>The Defendant's Required Disclosures</u>

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results of reports or physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession, custody, or control, and which the

defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid any unnecessary delay, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony the defendant intends to use under Rules 702, 703, and 705 of the Federal Rules of Evidence.  The summary should describe the opinions of the witnesses, the bases and reasons for those opinions, and the witnesses' qualifications.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice

If you have any further question or request, please do not hesitate to contact me.  The government will supplement this letter as appropriate.

    Very truly yours,

    LORETTA E. LYNCH
    United States Attorney

By:       /s
    Todd Kaminsky
    Assistant United States Attorney
    (718) 254-6376

Enclosures

CC:  Clerk of Court (JG) (w/o enclosures)