

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

TK
F.#2011R00935

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 11, 2011

The Honorable John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    United States v. James Rosemond
                   Criminal Docket No. 11-424 (S-2)(JG)

Dear Judge Gleeson:

        The government and defense counsel Jeffrey Lichtman, Esq. jointly request that the Court sign the attached protective order pertaining to consensually-obtained recordings of the defendant.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                          By:    /S/
                                    Carolyn Pokorny
                                    Todd Kaminsky
                                    Assistant U.S. Attorneys

cc:    Jeffrey Lichtman, Esq. (Counsel to defendant James Rosemond)(via ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

STIPULATION AND RULE 16(d)(1)
PROTECTIVE ORDER

Cr. No. 11-424 (JG)

JAMES ROSEMOND,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

    1.    Discovery material, consisting of a compact disc titled "Confidential Recordings," produced to the defendant JAMES ROSEMOND (the "defendant") by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the discovery material, may be used by the defendant and defense counsel only for purposes of trial preparation and for defending at trial against the charges in the above-captioned case;

    2.    This material, and any copies, notes, transcripts, documents or other information derived or prepared from this discovery material shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of defense counsel who has signed this Stipulation and Order, without further order of the Court;

    3.    Each of the individuals to whom disclosure is authorized in paragraph 2, that is, members of the legal staff of defense counsel who has signed this Stipulation and Order, shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further

disseminate any portion of this material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material except in conformity with this Stipulation and Order;

4. Where the defendant and/or defense counsel wishes to disclose any portion of this material or any copies, notes, transcripts, documents or other information derived or prepared from the discovery material to any individual to whom disclosure is not authorized by paragraph 2, defense counsel must provide advance notice to the government and make application to the Court for authorization to make such disclosure, and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

5. None of this material, nor any copies, notes, transcripts, documents or other information derived or prepared from the discovery material shall be disseminated to, or discussed with, the media in any form. Nothing in this Stipulation and Order prohibits the media from obtaining copies of any items that become public exhibits at any conference, hearing, trial or other proceeding;

6. Nothing in this Stipulation and Order in any way releases counsel for the government or defense counsel from the obligations of the "Free Press Fair Trial Directives" of Local Rule 23.1 of the Local Criminal Rules of the Eastern District of New York;

7. Nothing in this Stipulation and Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

8. If the defendant obtains substitute counsel, the undersigned defense counsel will not transfer any portion of the discovery material or any copies, notes, transcripts, documents

2

or other information derived or prepared from the discovery material unless and until substitute counsel enters into this Stipulation and Order;

9. The defendant and defense counsel will return to the government the discovery material and all copies thereof, whether in the possession of the defendant, defense counsel or members of the legal staff of defense counsel who has signed this Stipulation and Order, when the defendant enters a guilty plea, or at the conclusion of the trial of the defendant in this matter, whichever occurs first; and

3

10. Any violation of this Stipulation and Order (a) will require the immediate

4

return to the United States of the discovery material and all copies thereof, and (b) may result in contempt of Court.

Dated: Brooklyn, New York
July 6, 2011

By: *[signature]*
LORETTA E. LYNCH
United States Attorney
Eastern District of New York

Carolyn Pokorny
Assistant U.S. Attorney

*[signature]*
JAMES ROSEMOND

*[signature]*
Jeffrey Lichtman, Esq.
Attorney for defendant JAMES ROSEMOND

SO ORDERED

*[signature]* 7-11-11
THE HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

5.