UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
UNITED STATES OF AMERICA

        -against-                                                  No. 11 Cr. 424 (S-4) (JG)

JAMES ROSEMOND,

                 *Defendant.*
------------------------------------------------------------------X


# DEFENDANT JAMES ROSEMOND'S REPLY MEMORANDUM OF LAW

# IN SUPPORT OF HIS PRETRIAL MOTIONS


                                                         Gerald L. Shargel
                                                         Ross M. Kramer
                                                         Law Offices of Gerald L. Shargel
                                                        570 Lexington Avenue, 45th Floor
                                                        New York, NY 10022

                                                        *Attorneys for James Rosemond*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................. i

INTRODUCTION.......................................................................................................... 1

ARGUMENT.................................................................................................................. 1

    A. Count One (Violation Five) and Count Six in the S-4 Indictment Are Impermissibly Duplicitous and Should be Dismissed ..................................... 1

    B. The Alias "Jimmy Henchmen" Should be Stricken from the Indictment, and Its Use Precluded at Trial............................................................................. 3

    C. The Government Should be Ordered to Provide a Bill of Particulars .................. 5

CONCLUSION ............................................................................................................... 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA

       -against-                                                 No. 11 Cr. 424 (S-3) (JG)

JAMES ROSEMOND,

                   *Defendant.*
-----------------------------------------------------------------X

## INTRODUCTION

This memorandum is respectfully submitted in reply to the government's opposition letter, dated April 9, 2012, which argues that James Rosemond's motions should be denied, either as moot or on the merits. For the reasons set forth below, we respectfully maintain that (A) Count One (Violation Five) and Count Six of the S-4 Indictment should be dismissed as impermissibly duplicitous; (B) the alias "Jimmy Henchmen" should be stricken from the Indictment and its use precluded at trial; and (C) a bill of particulars should be ordered.[1]

## ARGUMENT

**A.    Count One (Violation Five) and Count Six in the S-4 Indictment Are Impermissibly Duplicitous and Should be Dismissed**

As a result of our motion arguing that numerous violations and counts in the S-3 Indictment were impermissibly duplicitous, the government obtained a superseding S-4 Indictment dated April 6, 2012. The government contends that because the S-4 Indictment "separates" some of the challenged violations and counts, "the defendant's argument is moot."

---

[1] As a result of the defendant's motion to dismiss Count Fourteen in the S-3 Indictment (charging "Felon in Possession of a Firearm") for improper venue, that Count was removed from the superseding S-4 Indictment. We therefore agree with the government that as it pertains to the S-4 Indictment, that motion has become moot. (See id.)

1

(Gov't Opp. at 3.) We respectfully submit that the motion is <u>not</u> moot, because Count One (Violation Five) and Count Six of the S-4 Indictment are still impermissibly duplicitous, and should be dismissed.

Count One (Violation Five) charges distribution of cocaine "between November 17, 2010 and December 29, 2010," approximately a six-week time span. Count Six charges distribution within the same six-week period. Each therefore combines an unspecified number of separate and distinct narcotics distribution charges, occurring over a significant time period, into a single violation or count. This exposes Rosemond to a host of potential prejudice (as detailed in our opening memorandum of law), including, at this stage, inadequate notice.[2]

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be 'a separate count for each offense,' and 2) the defendant is prejudiced thereby." <u>United States v. Sturdivant</u>, 244 F.3d 71, 75 (2d Cir. 2001) (citing <u>United States v. Murray</u>, 618 F.2d 892, 896 (2d Cir. 1980) and <u>United States v. Margiotta,</u> 646 F.2d 729, 733 (2d Cir. 1981)).

In the S-4 Indictment, Count One (Violation Five) and Count Six clearly combine two or more distinct crimes into one violation or count, because under 21 U.S.C. § 841, "each unlawful transfer [is] a distinct offense." <u>United States v. Lartey</u>, 716 F.2d 955, 967 (2d Cir. 1983) ("Courts resolving this issue have uniformly held that separate unlawful transfers of controlled

---

[2]  In addition to inadequate notice, other prejudice that could result is an invalid verdict (without a unanimous verdict as to any specific act of distribution), and the potential that Rosemond could be sentenced based on the erroneous assumption that the jury convicted him for participation in more distribution acts than it actually did. See <u>United States v. Sturdivant</u>, 244 F.3d 71, 78 (2d Cir. 2001) ("[D]efendant would be harmed by a sentence based on the assumption that the jury convicted him for participation in both the Afternoon Transaction and the Evening Transaction.").

2

substances are separate crimes under § 841, even when these transfers are part of a continuous course of conduct.") (emphasis added).

The government remedied <u>some</u> of the impermissible duplicity in the S-3 Indictment (thus implicitly acknowledging that narcotics distribution counts combining an unspecified number of discrete acts over an expansive time period are impermissibly duplicitous), but the problem persists in the S-4 Indictment, and Rosemond's motion has therefore not been rendered moot. For the reasons set forth in our opening memorandum of law, and here, we respectfully submit that Count One (Violation Five) and Count Six of the S-4 Indictment are impermissibly duplicitous and should be dismissed.

### B. The Alias "Jimmy Henchmen" Should be Stricken from the Indictment, and Its Use Precluded at Trial

The government argues that "because many of the witnesses in this case know the defendant by his nickname [Jimmy Henchman], this nickname or alias is relevant and admissible." (Gov't Opp. at 4.) We respectfully submit that the government's reading of the relevant case law is overbroad, and that under the circumstances of this case the alias should be stricken from the Indictment, and its use precluded at trial.

"The Government may introduce evidence of a defendant's alias or nickname *if this evidence aids in the identification of the defendant* or in some other way directly relates to the proof of the acts charged in the indictment." <u>United States v. Mitchell</u>, 328 F.3d 77, 83 (2d Cir. 2003) (internal quotation marks omitted) (emphasis added). In this case, identity is simply not an issue; there will be no question at trial that government witnesses are testifying about the defendant, James Rosemond. <u>See</u> <u>United States v. Farmer</u>, 583 F.3d 131, 145, 146 (2d Cir. 2009); <u>Mitchell</u>, 328 F.3d 77. The government argues that "many of the witnesses in this case

3

know the defendant by his nickname," (Gov't Opp. at 4), but unless witnesses know him <u>only</u> by that name, and <u>not</u> his proper name, there can be no legitimate reason for its admission. Indeed, the government argues that "a significant number of the defendant's co-conspirators know the defendant from the music industry where the defendant used the nickname, 'Jimmy Henchman,'" (<u>id.</u>), but it is inconceivable that those witnesses did not also know that his proper name was James Rosemond (and the government does not argue as much in its opposition). For years, Rosemond ran a successful business managing music talent, contracting with parties under his real name and hiring and paying employees under that name. As a result, the government's rationale for admission of the nickname "Jimmy Henchman" must fail.

The government further argues that "the defendant's contention that the alias is suggestive of criminal disposition is at best, speculative," in part because "the defendant built a successful career in the music industry based upon the name he chose to use, 'Jimmy Henchman,' and named his company, Henchman Entertainment." (Gov't Opp. at 4.) The government's reasoning is specious. Rosemond's use of a nickname to promote his business in the hip-hop industry – and his implicit decision that its use was not prejudicial in <u>that</u> context – cannot lead to the logical conclusion that the government can use it against him in a criminal case without causing undue prejudice. As argued in our opening memorandum of law, a "henchman" is "a member of a gang," and an example of the word used in a dictionary definition is "a gangster surrounded by his henchmen." Merriam-Webster Dictionary (visited March 26, 2012) <http://www.merriam-webster.com/dictionary/henchman>. The nickname "Jimmy Henchmen" is therefore "necessarily suggestive of a criminal disposition." <u>See</u> <u>Farmer</u>, 583 F.3d at 146 (citing <u>United States v. Dean</u>, 59 F.3d 1479, 1492 (5th Cir. 1995)). And, prejudice to the defendant is particularly significant considering the charges in this case, where Rosemond is

4

alleged to be "the principal administrator, organizer and leader of the continuing criminal enterprise" – in other words, with being "the leader of a gang."[3]

To avoid such clear prejudice, and because there is no permissible relevance to the nickname "Henchmen" or "Henchman" in relation to the charges, we respectfully maintain that the alias should be stricken from the Indictment, and its use precluded at trial.

### C.     The Government Should be Ordered to Provide a Bill of Particulars

The government argues that a bill of particulars should not be ordered in this case because "the indictment, together with the information the government has provided in the voluminous discovery productions, adequately informs the defendant of the charges against him." (Gov't Opp. at 6.) We respectfully maintain that a bill of particulars is warranted under the special circumstances of this case.

As the Court has been informed, Rosemond will be precluded from raising certain arguments at trial, and from contesting certain facts, without incurring significant evidentiary penalties. As a result, understanding the specific nature of each charge before trial (and before any evidentiary door may be inadvertently opened) is of the utmost importance. "The decision of whether or not to grant a bill of particulars rests within the sound discretion of the district court." United States v. Bortnovsky, 820 F.2d 572, 574 (1987). And, the necessity for a bill of

---

[3]     Interestingly, the government's opposition refers to Rosemond's nickname as "Jimmy Henchman" – with "Henchman" in the singular. (Gov't Opp. at 4.) In the Indictment, however, the nickname is given as "Jimmy Henchmen" – with "Henchmen" in the plural. In a case where Rosemond is charged with being "the principal administrator, organizer and leader of the continuing criminal enterprise, *in concert with five or more other persons with respect to whom Rosemond occupied a supervisory and management position*" (S-4 Indictment at Count One) (emphasis added) – in other words, in concert with his "Henchmen" – this sleight of hand by the government is notable, and should weigh even further in favor of preclusion.

5

particulars is case-specific, based in "the details of a particular case." See United States v. Bin Laden, 92 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) ("The line that distinguishes one defendant's request to be apprised of necessary specifics about the charges against him from another's request for evidentiary detail is one that is quite difficult to draw."). Here, we respectfully maintain that the unique situation that Rosemond faces at trial necessitates a more specific rendering of the charges than might be necessary were the circumstances different.[4]

For example, with regard to Count One, we requested identification of the "five or more other persons." Without that information, it will be impossible for the defense to mark and delineate the line between what we cannot effectively contest at trial, and what we can and must. If a certain witness is alleged to be one of the "five or more other persons," we may or may not be able to contest that fact at trial.[5] The decision can only be made through an understanding of the precise nature of the charge beforehand.

Another example is our request with regard to the "financial transactions" and "monetary transactions" underlying Counts Ten and Eleven of the S-4 Indictment. Count Ten alleges money laundering in connection with "one or more financial transactions ... to wit: the transfer and delivery of United States currency." Count Eleven alleges unlawful monetary transactions "to wit: the purchase, deposit, transfer and exchange of money orders, the deposit of United

---

[4] Additional reasons why the requested information is necessary to the preparation of the defense are provided in our opening memorandum of law. In the interest of brevity, those reasons are not repeated here.

[5] Hypothetically, the government could argue at the close of trial that an administrative assistant or accountant employed by Rosemond's music business was one of those "five or more other persons." It would be imperative that we understand that such an assertion was going to be made, because contesting it may be possible without triggering any evidentiary consequences. Given the limitations that already exist, it seems a matter of fundamental fairness that all parties acknowledge not only what arguments the defense cannot make, but also the argument that we can and must make at trial.

States currency into bank accounts, the purchase of jewelry and the making of a mortgage loan payment." The transactions underlying those Counts are so general as to provide no useful information as to what the defense can and cannot contest at trial.[6] We respectfully submit that without a bill of particulars identifying these transactions with specificity, we will be left with no guidance as to what facts can be contested at trial without incurring devastating evidentiary consequences.

For this reason, as well as those provided in our opening memorandum of law, we respectfully maintain that a bill of particulars should be ordered.

## CONCLUSION

For the reasons set forth above, and in our opening memorandum of law, we respectfully submit that the Court should grant James Rosemond's motions.

Dated: April 16, 2012

                                                Respectfully submitted,

                                                _/s/ Gerald Shargel / RMK_
                                                Gerald L. Shargel
                                                Ross M. Kramer
                                                Law Offices of Gerald L. Shargel
                                                570 Lexington Avenue, 45th Floor
                                                New York, NY 10022

                                                *Attorneys for James Rosemond*

---

[6] Hypothetically, the defense may be able to argue that certain deposits, purchases of jewelry or mortgage payments referenced by the government at trial had no relationship whatsoever to the charges in this case. Without advance knowledge of specifically which transactions underlie the charges, however, the defense is placed at an impossible and unjust disadvantage.

7