

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

```
JL:UAD/SD/LXN                            271 Cadman Plaza East
F.#2011R000935\NY-NYE-635-H              Brooklyn, New York  11201
```

May 4, 2012

**By Hand Delivery and ECF**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   United States v. James Rosemond,
           Criminal Docket No. 11-424 (S-4)(JG)

Dear Judge Gleeson:

    The government respectfully submits this letter as a motion <u>in</u> <u>limine</u> seeking to preclude cross-examination of government witnesses regarding certain subject matters.  Trial in this case is scheduled to commence on May 14, 2012.

I.       <u>Witnesses</u>

    At trial, the government may call as witnesses Special Agent William Johnston of the Drug Enforcement Administration, Muhammad Stewart and Robert Proenza, owner of Architronics Design Group, Inc.

    A.   <u>Special Agent William Johnston</u>

    Special Agent Johnston is expected to testify about his 2010 retrieval of a package from a UPS store containing approximately five kilograms of cocaine.  In or around 1994, Special Agent Johnston was arrested for possession of stolen property after he took a road closure sign from his college campus as a practical joke.  Special Agent Johnston's school placed him on probation, and the criminal matter was dismissed. In or around 1998, Special Agent Johnston was convicted of driving under the influence.  He was arrested in his capacity as a civilian.  Special Agent Johnston's license was suspended for six months as a result of this conviction, and he was fined.  In the fall of 2007, when Special Agent Johnston was a police officer with the New York City Police Department ("NYPD"), he received a "warn and admonish" sanction for failing to secure his

gear after the gear was stolen from a parked vehicle.  In the spring of 2009, also during his tenure as an NYPD police officer, he received a "warn and admonish" sanction after failing to respond to a radio call.

    B.    <u>Muhammad Stewart</u>

Muhammad Stewart is expected to testify at trial as a cooperating witness.  On April 18, 2012, Muhammad Stewart was arrested by the NYPD for Possession of a Forged Instrument in the Third Degree, a class A misdemeanor, based on suspicion that Stewart was in possession of a forged Georgia license plate.  It is the government's understanding that prosecution has been declined.

    C.    <u>Robert Proenza</u>

Robert Proenza is expected to testify about cash payments made by the defendant to Proenza for custom electronics installations done by Proenza's company Architronics Design Group, Inc., at the defendant's apartment.  Approximately thirty years ago, Proenza was arrested for joy riding.  The arrest did not result in any criminal conviction.

II.    <u>Legal Standard</u>

It is axiomatic that the Confrontation Clause of the Sixth Amendment "guarantees . . . 'an <u>opportunity</u> for effective cross-examination, not cross-examination in whatever way and to whatever extent the defense may wish.'"  <u>Kentucky v. Stincer</u>, 482 U.S. 730, 739 (1987) (quoting <u>Delaware v. Fenst-erer</u>, 474 U.S. 15, 20 (1985)) (emphasis in original); <u>accord</u> <u>Delaware v. Van Arsdell</u>, 475 U.S. 673, 679 (1986).  Accordingly, "trial judges retain wide latitude . . . to impose reasonable limitations on such cross-examination," <u>Van Arsdell</u>, 475 U.S. at 679, and the exercise of the trial court's discretion will not be overturned on appeal unless the appellate court is convinced that the limitation of cross-examination was unfairly prejudicial to the defendant.  <u>United States v. Scarpa</u>, 913 F.2d 993, 1018 (2d Cir. 1990); <u>United States v. Singh</u>, 628 F.2d 758, 763 (2d Cir. 1990).

Under Federal Rule of Evidence 611(a)(3), a court, in its exercise of control over the presentation of the proof, may limit cross-examination in order to "protect witnesses from harassment or undue embarrassment."  Where criminal convictions are concerned, Rule 609(a) strictly limits the admissibility of convictions that are not felonies, do not involve dishonest acts, or are greater than ten years old.  Moreover, Federal Rule of

3

Evidence 608(b) provides that "[s]pecific instances of conduct of a witness" may be inquired into on cross-examination only "if probative of truthfulness or untruthfulness."  Finally, Rule 403 provides the exclusion of probative evidence if its value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury or unnecessary delay.

III.    Analysis

At trial, the defendant should be precluded from cross-examining Special Agent Johnston, Muhammad Stewart and Robert Proenza concerning the acts described above.

As a preliminary matter, none of the acts involve a felony conviction.  Additionally, with regard to Special Agent Johnston's conviction for driving under the influence, this conviction occurred more than ten years ago and lacks any probative value concerning truthfulness.  Thus, there is no basis for allowing evidence of the acts to be introduced on cross-examination pursuant to Federal Rule of Evidence 609.

With regard to the acts underlying the sanctions Special Agent Johnston received while he was an NYPD officer — failing to secure gear and failure to respond to a radio call — these acts lack any probative value concerning character for truthfulness or untruthfulness.  With regard to Special Agent Johnston's arrest for possession of stolen property, that act was merely a college prank, and for that reason alone is not probative of truthfulness.  Further, the incident occurred almost fifteen years ago, and is too remote in time to have any bearing on credibility.  See United States v. Schwab, 886 F.2d 509 (2d Cir. 1989) (finding improper under Rule 608 cross-examination of witness regarding alleged tax fraud that occurred eighteen years earlier); Sango v. City of New York, No. 83-CV-5177, 1989 WL 86995, at * 19 (E.D.N.Y. 1989) (citing, as factors to be considered in determining admissibility under Rule 608, "the nature and remoteness of that conduct"), citing United States v. Weichert, 783 F.2d 23, 25–26 (2d Cir.), cert. denied, 479 U.S. 831 (1986) and United States v. Bari, 750 F.2d 1169, 1178–79 (2d Cir.1984), cert. denied, 472 U.S. 1019 (1985).

The defendant should similarly be precluded from cross-examining Muhammad Stewart and Robert Proenza regarding their arrests for possession of a forged instrument and joy riding, respectively.  The arrests did not result in any criminal convictions, much less felony convictions.  Further, Proenza's

4

arrest occurred approximately thirty years ago, and for this reason alone lacks any probative value as to his truthfulness. Cross-examination into these incidents would only serve to embarrass the witnesses and inflame the jury.  Accordingly, the defendant should be precluded from such cross-examination.  See United States v. Stone, Cr No. 05-401 (ILG), 2007 WL 4410054, at *1 (E.D.N.Y. Dec. 14, 2007) (internal quotation marks and citation omitted) ("If all that can be said about behavior is that it might be called improper, immoral, or unlawful . . . asking about it cannot be justified under Fed. R. Evid. 608.").

IV.  Conclusion

For the reasons set forth above, the government respectfully requests that the Court preclude the defendants from cross-examining Special Agent William Johnston, Muhammad Stewart and Robert Proenza about the acts detailed above.

                Respectfully submitted,

                LORETTA E. LYNCH
                United States Attorney
                Eastern District of New York

By:   /s/_____
       Una A. Dean
       Soumya Dayananda
       Lan Nguyen
       Assistant U.S. Attorneys
       (718) 254-6473

cc:  Gerald Shargel, Esq. (via email)
     Clerk of Court (JG) (via ECF)