

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:LXN/SD/UAD
F.#2011R000935\NY-NYE-635-H

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

May 8, 2012

**By Hand Delivery and ECF**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. James Rosemond,
          Criminal Docket No. 11-424 (S-4)(JG)

Dear Judge Gleeson:

    The government respectfully submits this letter as a motion in limine.  The government anticipates Rosemond may present arguments at trial concerning the government's motivation for prosecuting him.[1]  For the reasons set forth below, the government respectfully seeks to preclude Rosemond from making such an argument on the grounds that it is irrelevant and has no bearing on the issues properly before the jury.

I.    Legal Analysis

    The defendant should be prohibited from raising, in any way, the Government's motives and conduct in prosecuting him.  It is well established that the Government's motives for and conduct during the prosecution of a defendant are irrelevant to guilt or innocence and therefore cannot be presented to the jury.  See

---

    [1]    Under Rule 12(b)(1) of the Federal Rules of Criminal Procedure, a defense based on "defects in the institution of the prosecution: must be raised before trial.  See United States v. Taylor, 562 F.2d 1345, 1355 (2d Cir. 1977).  While Rosemond has not raised this as a defense, the government seeks to preclude any insinuation to the jury that he was a victim of selective prosecution.

United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997) (upholding preclusion of the defense that the Government had "improper motives"). The Regan court noted that trying the matter of the Government's conduct before the jury would have improperly "add[ed] a new element to the crime" by requiring the jury to evaluate the Government's conduct instead of the defendant's guilt. Id. at 1081; see also United States v. Reyes, 18 F.3d 65, 71 (2d Cir. 1994) (state of mind of investigating agent and "history of investigation" "not relevant to the guilt or innocence of the defendant").

Indeed, claims regarding the government's motivation in charging the defendant are essentially claims of selective or vindictive prosecution. See United States v. Stewart, No. 03 CR. 717, 2004 WL 113506, at *1 (S.D.N.Y. Jan. 26, 2004). The Second Circuit has held that vindictive prosecution claims are for the Court to decide and not for the jury, and therefore are only permitted to be raised in pretrial proceedings, not at trial. United States v. Sun Myung Moon, 718 F.2d 1210, 1229 (2d Cir. 1983) (citing United States v. Taylor, 562 F.2d 1345, 1356 (2d Cir. 1977)(finding defense of selective prosecution waived because it was not raised prior to trial); Guastella v. United States, 2009 WL 1286382 (S.D.N.Y. May 8, 2009) ("a defendant must raise a selective prosecution claim before trial"); United States v. Abboud, 438 F.3d 554, 579-80 (6th Cir. 2006); Fed. R. Crim. P. 12(b)(3)(a).

This is because a selective or vindictive prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution. See United States v. Armstrong, 517 U.S. 456, 463 (1996); see also United States v. Washington, 705 F.2d 489, 495 (D.C. Cir. 1983)("[T]he issue of selective prosecution is to be determined by the court as it relates to an issue of law entirely independent of the ultimate issue of whether the defendant actually committed the crime for which she was charged.") (internal citations omitted).

Moreover, the court's decision to preclude the defendant from raising such issues at trial does not violate a defendant's right to cross-examination or compulsory process because prosecutorial motives do not bear on the question of guilt or innocence. United States v. Simpson, 226 Fed. Appx. 556, 562 (6th Cir. 2007) (holding that the defendant's right to cross-examination or compulsory process were not violated, because claims of selective prosecution do not bear on the issue of the defendant's guilt or innocence, and are therefore not

properly before the jury); <u>United States v. Jones</u>, 52 F.3d 924 (11th Cir. 1995).

  Here, the government expects that the defendant will seek to elicit from both cooperating witnesses and other witnesses their understanding of the Government's prosecutorial motives in investigating and prosecuting the defendant. This should be precluded. In <u>Stewart</u>, the district court granted the Government's motion <u>in limine</u> to preclude the defendant from making a similar argument. The court specifically rejected the defendant's argument that it be allowed to cross-examine cooperating witnesses to introduce evidence of prosecutorial motive. The court held that "any evidence that raises questions of prosecutorial bias against Stewart has no bearing on the issues properly before the jury, including the credibility of cooperating witnesses. Therefore, such evidence is inadmissible." The court explained that the defendants were free to raise questions about the credibility and reliability of cooperating witnesses, but they were prohibited from using cross-examination "to introduce impermissible evidence of prosecutorial motive." <u>Id</u>.

  Accordingly, as set forth above, any evidence or argument that the Government's motives in prosecuting the defendant have been improper and/or that the defendant has been selectively prosecuted is inappropriate and should be precluded by the Court.

         Respectfully submitted,

         LORETTA E. LYNCH
         United States Attorney

      By: /s/_____
         Lan Nguyen
         Soumya Dayananda
         Una A. Dean
         Assistant U.S. Attorneys
         (718) 254-6162/7996/6473

cc: Clerk of Court (JG)(via ECF)
   Gerald Shargel, Esq. (via email)
   Ross Kramer, Esq. (via email)