

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:LXN/SD/UAD                              *271 Cadman Plaza East*
F.#2011R000935\NY-NYE-635-H                 *Brooklyn, New York  11201*

May 20, 2012

**By Hand Delivery and ECF**

The Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. James Rosemond,
                Criminal Docket No. 11-424 (S-4)(JG)

Dear Judge Gleeson:

    The government respectfully submits this letter as a motion <u>in</u> <u>limine</u> seeking to admit at trial portions of two recorded telephone calls and to preclude the defendant from admitting additional portions of these calls.[1]

I.      <u>June 8, 2010 "Glenn Rivers" Call</u>

    The government seeks to admit a portion of a recorded telephone conversation between the defendant and a prison inmate named Glenn Rivers ("Glenn Rivers call"). In this call, the defendant talks about how he "looks out for" a number of prison inmates by sending these inmates money orders and paying their legal bills. The defendant has informed the government that he seeks to introduce other portions of the Glenn Rivers call. In the portions the defendant seeks to admit, Rivers expresses love for the defendant and tells the defendant that he wants to see the defendant prosper.

    The full transcription of this recording is attached hereto as Exhibit A. The portions the government seeks to

---

[1] In addition to those excerpts identified above, the government reserves the right to introduce, or not introduce, into evidence any other portions of the defendant's statements based on the arguments of defense counsel, cross-examination, or any other developments at trial.

introduce are highlighted. The additional portions the defendant seeks to introduce are underlined.

II.        August 18, 2010 Call

The government also seeks to admit a portion of a call placed by the defendant to a cooperating witness ("CW") on August 18, 2010. In this call, the defendant tells the CW that he intends to flee because the defendant's brother Kesner Rosemond and Henry Butler have been arrested and Butler is likely cooperating against the defendant. Additionally, the defendant tells the CW to "get rid of" anything that the CW might have in his home "that could be interpreted like [drug paraphernalia]." The defendant also tells the CW not to talk on the phone because "them phones will give you a life sentence" if the government "play[s] the tape in front of a jury." Finally, the defendant says that he intends to send the CW money to hire an attorney and tells the CW not to talk to anyone should the CW be arrested.

The defendant has informed the government that he seeks to introduce additional portions of this call. In the portions the defendant seeks to admit, the defendant denies having any criminal relationship with Butler but expresses concern that people might lie and tell the government otherwise. He also states that he does not wish to get a thirty year or life sentence in prison for something he did not do. The full transcription of this recording is attached hereto as Exhibit A. The portions the government seeks to introduce are highlighted. The additional portions the defendant seeks to introduce are underlined.

III.       Argument

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). "Hearsay is not admissible except as provided by [the Federal Rules of Evidence] or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Fed. R. Evid. 802. Additionally, it is well established that the defendant's own statements are hearsay if offered by the defense. Unlike an admission offered by an adversary, see Fed. R. Evid. 804(b)(3), a defendant is prohibited from introducing his own out-of-court, exculpatory statements at trial. United States v. Marin, 669 F.2d 73, 84 (2d Cir. 1982) ("When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible."). Accordingly, the defendant should be

3

precluded from introducing the other portions of the two recordings at issue.

Additionally, Federal Rule of Evidence 106 (the "rule of completeness") does not permit admission of other portions of the telephone calls.  Rule 106 provides:

> when a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any part of any other writing or recorded statement which ought in fairness to be considered contemporaneously with it.

Under Rule 106, "even though a statement may be hearsay, an omitted portion of the statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007) (internal quotation marks omitted).

Here, portions of the calls other than what the government seeks to introduce are nothing more than inadmissible hearsay and are not needed to explain the admitted portions to the jury or to avoid misleading the jury.  For instance, those portions of the Glenn Rivers call where Rivers expresses love for the defendant and tells the defendant to move on with his life only invite the sympathy of the jury and have no bearing on the charges at issue.  Additionally, the false exculpatory portions of the August 18, 2010 call with the CW, where the defendant says that people are lying about his involvement in criminal activity, are exactly the types of self-serving hearsay statements that Rule 802 is designed to exclude.  Rather than shedding light on the portions that the government has introduced, these portions will only serve to confuse and mislead the jury.  Further, the portion of the August 18, 2010 call where the defendant opines as to his potential sentence if caught are not only irrelevant but also misleading and improper for the jury's consideration. Shannon v. United States, 512 U.S. 573, 579 (1994) ("[P]roviding jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.").

Courts have found repeatedly in similar cases that the doctrine of completeness does not require admission of exculpatory statements even where the government introduces

4

inculpatory statements.  <u>See</u> <u>Johnson</u>, 507 F.3d at 796-97 (rejecting claim under doctrine of completeness that an exculpatory statement made by defendant, which followed an inculpatory admission, could be admitted); <u>United States v. Ortega</u>, 203 F.3d 675 (9th Cir. 2000) (finding that Rule 106 does not require courts to admit otherwise inadmissible, self-serving and exculpatory hearsay statements); <u>United States v. Roberts</u>, No. 07-CR-425, 2009 WL 1706043, at *2 (E.D.N.Y. 2009) (Irizarry, D.) (same).  As such, the defendant should not be allowed to introduce portions of calls beyond those introduced by the government.

To the extent that the defendant seeks to introduce the statements at issue pursuant to Federal Rule of Evidence 803(3), which allows admission of statements of the declarant's then-existing state of mind, the defendant seeks to do nothing more than an impermissible end run around the hearsay rules.  As made explicit by the Federal Rules of Evidence, Rule 803(3) does permit admission of "a statement of memory or belief to prove the fact remembered or believed."  <u>See</u> Fed. R. Evid. 803(3).

IV. <u>Conclusion</u>

For the reasons above, the government respectfully requests that the Court grant the government's motion <u>in</u> <u>limine</u> to introduce portions of recorded telephone calls and to preclude admission of additional portions by the defendant.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                    By: /s/_____
                        Una A. Dean
                        Lan Nguyen
                        Soumya Dayananda
                        Assistant U.S. Attorneys
                        (718) 254-6473

cc: Clerk of Court (JG)(via ECF w/o exhibits)
    Gerald Shargel, Esq. (via email)