# GERALD L. SHARGEL

GERALD L. SHARGEL
ROSS M. KRAMER
EVAN L. LIPTON

LAW OFFICES

570 LEXINGTON AVE., 45TH FLOOR
NEW YORK, NEW YORK 10022
TEL: 212.446.2323
FAX: 212.446.2330
info@shargellaw.com

May 23, 2012

Hon. John Gleeson
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    United States v. Rosemond, 11 Cr. 424 (JG)

Dear Judge Gleeson:

      I write on behalf of James Rosemond to respectfully oppose the government's motion dated May 20, 2012 "seeking to admit at trial portions of two recorded telephone calls and to preclude the defendant from admitting additional portions of these calls." (Gov't Mot. at 1.) The government's motion to selectively redact these two calls should be denied.

      The rule of completeness provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at the time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Fed. R. Evid. 106. "Under this principle, even though a statement may be hearsay, an omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir.2007) (internal quotation marks omitted).

      With regard to the June 8, 2010 call between Rosemond and Glenn Rivers (Exh. A to Gov't Mot.), we submit that the redacted portions on pages 5-7 are important to place Rosemond's subsequent statements (page 8) in context, and that those portions should therefore be admitted. On pages 5-7, Rivers raises the issue of bias and hostility of others toward Rosemond ("negative" statements that others "spill on your name"), and his hope for Rosemond's future success ("I love to see [someone] that came out of the gutter make it, man. … And continue with your prosperity, man."). On page 8, the government seeks to admit Rosemond's responses: Rosemond's dismissive feelings toward what others "say about" him, and his feelings about "the riches" and having "made it this far." Without the context provided by Rivers' initial statements on pages 5-7, Rosemond's responses on page 8 seemingly come out of nowhere; they appear as callous, empty boasting. We submit that a fair and impartial

GERALD L. SHARGEL

Hon. John Gleeson
United States District Judge
May 23, 2012
Page 2

understanding of Rosemond's statements on page 8 therefore requires admission of Rivers' efforts to raise these issues and elicit a response (pages 5-7).

With regard to the August 18, 2010 recorded call between Rosemond and Mohammed Stewart (Exh. B to Gov't Mot.), the rule of completeness is clearly implicated. In the portion of the call that the government seeks to admit, Rosemond "tells [Stewart] that he intends to flee" because Henry Butler has been arrested and "is likely cooperating" against him. (Gov't Mot. at 2.) "In the portions the defendant seeks to admit, the defendant denies having any criminal relationship with Butler but expresses concern that people might lie and tell the government otherwise. He also states that he does not wish to get a thirty year or life sentence in prison for something he did not do." (Id.)

The issue here is simple – the government seeks to admit portions of the tape that it claims support the inference that Rosemond's flight demonstrates consciousness of guilt. The defense seeks to admit other portions that can "place the admitted portion in context," "avoid misleading the jury," and "ensure fair and impartial understanding of the admitted portion," by supporting the inference that Rosemond's flight demonstrates not consciousness of guilt, but rather a fear of "the false of appearance of guilt." See United States v. Mundy, 539 F.3d 154, 156 (2d Cir. 2008) (evidence of flight "may support a number of possible inferences" including "the false appearance of guilt."). For example, on page 5, Rosemond states that witnesses "lie" and are "lying," that they are "trying to make [him] into the boss," and are trying to falsely incriminate him for things he "ain't do." We respectfully submit that it would be unfair and misleading to admit a portion of the tape demonstrating only one inference to be drawn from Rosemond's flight (fear of incriminating statements made by a cooperator), without admitting a portion showing that Rosemond's flight could support a wholly different inference (fear of **false** statements made by a cooperator). See generally United States v. Benitez, 920 F.2d 1080, 1086-87 (2d Cir. 1990) (rule of completeness is violated where "admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant."). Admitting only the portions of the tape highlighted by the government would give the jury an absolutely false and misleading impression of what Rosemond actually said in this conversation (that he feared **false** accusations), and we therefore submit that the portions flagged by the defense should be admitted as well.

Alternatively, we submit that Rosemond's statements are also admissible under Rule 803(3) of the Federal Rules of Evidence as demonstrating Rosemond's state of mind. See United States v. Quinones, 511 F.3d 289, 312 (2d Cir. 2007) (statement admissible under Rule 803(3) "because it established Santiago's then-fearful state of mind, which explained Santiago's future actions"). Rosemond's statements that others were lying about him and attempting to falsely incriminate him are admissible not for their truth, but rather as circumstantial evidence of Rosemond's state of mind which explain his future actions. See United States v. Harris, 733 F.2d 994, 1004 (2d Cir. 1984) (out-of-court statements, such as "the Government and people were after him and trying to set him up," and "Mr. Steward had brought an agent to him," ruled admissible because they were offered "not for their truth, but instead as circumstantial evidence of [the declarant's] state of mind" with respect to "his knowledge" of Steward's status as a

cooperator). Rosemond's state of mind informed his actions throughout the period of the Indictment (including his flight from prosecution, his efforts to investigate the case, and his ultimate decision to proffer), and we respectfully submit that such evidence is relevant and admissible under Rule 803(3) for that limited purpose.

Respectfully submitted,

Gerald Shargel

cc: Assistant United States Attorneys Soumya Dayananda, Una Dean and Lan Nguyen (via ECF)