UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X

UNITED STATES OF AMERICA,

              -against-                              **DRAFT**
                                                      <u>JURY INSTRUCTIONS</u>
JAMES ROSEMOND,                         11 CR 424 (S-4) (JG)

                          Defendant.
--------------------------------------------------X

JOHN GLEESON, United States District Judge:

## **<u>INTRODUCTION</u>**

        Ladies and gentlemen of the jury, now that you have heard all of the evidence in this case and the arguments of each side, it is my duty to give you instructions as to the applicable law.  You may not base your verdict upon any other view of the law than that given to you in these instructions.  If there appears to be any difference between the law as stated by counsel and the law as I now state it to you, my instructions on the law are the ones you must follow.

        Do not single out any one instruction I give you as alone stating the law.  Rather, you should consider these instructions as a whole when you retire to the jury room to deliberate on your verdict.

        I am going to begin by stating some general rules about your role and the way in which you are to review the evidence in this case.  I will then instruct you as to the particular crimes charged in this case and the elements that the government must prove with respect to each.  Finally, I'll give you some instructions about your deliberations.

## **GENERAL RULES OF LAW**

Role of the Court and Jury

In charging you on the applicable law, let me be clear that I am expressing no opinion about how you should decide the facts of this case. That is a task left exclusively to the jury. Nothing I have said or done in the course of this trial should be taken by you as expressing any opinion on my part about any aspect of the facts of the case, the credibility of the witnesses, or the weight to be given by you to any of the evidence. You are the sole judges of the facts.

I am the judge of the law. You must find the facts in accordance with the law as I am now giving it to you.

In determining the issues of fact presented in this case, it is your duty as jurors to consider all the evidence before you with complete impartiality and to render your verdict without bias, prejudice, or sympathy as to either the defendant or the government. These parties, like all parties who bring their disputes to this court, are equal before the law, and you can assume that the case is important to both the government and the defendant.

Presumption of Innocence and Burden of Proof

The defendant James Rosemond is before you today because he has been charged with violations of federal law. As I have told you before, the defendant has pleaded not guilty to the charges. The government must prove him guilty beyond a reasonable doubt.

The government's burden to prove the defendant guilty beyond a reasonable doubt never shifts to the defendant. A defendant in a criminal case need not call any witness,

question any of the government's witnesses, or produce any evidence.  The law presumes the defendant to be innocent of all the charges, and he must be presumed by you to be innocent throughout your deliberations.  Only if you, as a jury, are satisfied that the government has proved the defendant guilty beyond a reasonable doubt of the particular charge you are considering will this presumption cease to operate.  If the government fails to prove a defendant guilty beyond a reasonable doubt, you must find him not guilty.  The presumption of innocence alone is sufficient to require that result unless you, as jurors, are unanimously convinced beyond a reasonable doubt of his guilt.

<u>Reasonable Doubt</u>

What is a reasonable doubt?  It is a doubt based upon reason and common sense. It is a doubt that a reasonable person has after carefully weighing all of the evidence or lack of evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.  A reasonable doubt is not a caprice or whim; it is not a speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  And it is not sympathy.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of all of the evidence or lack of evidence, you have a reasonable doubt concerning the particular charge you are considering, it is your duty to acquit the defendant of that charge.  On the other hand, if after fair and impartial consideration

3

of all the evidence you are satisfied of his guilt beyond a reasonable doubt, you should vote to convict.

Types of Evidence

As I have already instructed you, your verdict in this case must be based only on the evidence or lack of evidence. The evidence in this case consists of (1) the testimony of the witnesses, both on direct and cross-examination; (2) the exhibits that have been received in evidence; and (3) stipulations by the parties that certain facts are to be considered proven. Some of the evidence was obtained through the use of search warrants and wiretaps. This evidence was lawfully obtained pursuant to court authorization.

There are, generally speaking, two types of evidence from which you may properly find the truth as to the facts. One is direct evidence, such as the testimony of an eye-witness to an event. The other is indirect or circumstantial evidence. This is the proof of a chain of circumstances pointing to the existence or nonexistence of certain facts. A simple example of circumstantial evidence would be the following: Suppose you were to come to court on a bright sunny day and then, after several hours in the courtroom, you were to see people entering the courtroom from the rear, one wearing a wet raincoat and the other shaking a wet umbrella. Since you can't look outside, you would have no direct evidence that it was raining. However, you might infer from the circumstances you observed that it had begun to rain while you were here in court. That is all there is to circumstantial evidence: based on facts that you find have been proved, you draw such reasonable inferences or conclusions as seem justified in light of your experience and common sense.

The law makes no distinction between direct and circumstantial evidence.  You may consider both.  What the law does require is that before any defendant is convicted of a crime, a jury be satisfied of that defendant's guilt beyond a reasonable doubt based on its assessment of all of the evidence in the case.

Credibility of Witnesses

You the jury are the sole judges of the credibility – or believability – of the witnesses and the weight their testimony deserves.  You should carefully examine all the evidence and the circumstances under which each witness testified, and every matter in evidence that tends to show whether a witness is worthy of your belief.  If you find that any statement made by a witness on the stand was false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

Your decisions in this regard may depend on how the witness impressed you. Was the witness candid and forthright, or did he or she seem to be hiding something or being evasive or suspect in some way?  How did the witness's testimony on direct examination compare with the witness's testimony on cross-examination?  Was the witness consistent in the testimony given or were there contradictions?  Did the witness appear to know what he was talking about and did the witness strike you as someone who was trying to report that knowledge accurately?  How much you choose to believe any witness may be influenced by any interest the witness may have in the outcome of the case or by any bias that you may perceive the witness to have.

Testimony of Law Enforcement Officers

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement officer does not make his testimony deserving of more or less consideration, or greater or lesser weight, than that of a non-law enforcement witness.  Defense counsel may properly question the credibility of a law enforcement witness.  It is your decision, after reviewing all the evidence, whether to credit the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, it deserves.

Accomplice Testimony

You have heard witnesses who testified that they were actually involved in planning and carrying out the crimes charged in the indictment.  There has been a great deal said about these so-called accomplice witnesses in the summations of counsel and whether or not you should believe them.

The government argues, as it is permitted to do, that it must take the witnesses as it finds them.  It argues that only people who themselves take part in criminal activity have the knowledge required to show criminal behavior by others.

For those very reasons, the law allows the use of accomplice testimony.  Indeed, it is the law in federal courts that the testimony of accomplices may be enough in itself for conviction, if the jury finds that the testimony establishes guilt beyond a reasonable doubt.

However, it is also the case that accomplice testimony is of such nature that it must be examined with great care and viewed with particular caution when you decide how much of that testimony to believe.

6

I have given you some general considerations on credibility and I will not repeat them all here.  Nor will I repeat all of those arguments made on both sides.  However, let me say a few things that you may want to consider during your deliberations on the subject of accomplices.

You should ask yourselves whether these so-called accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth?  Did this motivation color his testimony?

In sum, you should look at all of the evidence in deciding what credence and what weight, if any, you will give to the accomplice witnesses.

Defendant's Right Not to Testify

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any other evidence, because it is the prosecution's burden to prove every defendant guilty beyond a reasonable doubt.  That burden remains with the prosecution throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against a defendant may be drawn by you because he did not take the witness stand.  You may not consider this against a defendant in any way in your deliberations in

the jury room; in fact, I order you to not even discuss the fact that the defendant did not testify.

Interviews of Witnesses

There was testimony at trial that the attorneys or investigators interviewed witnesses when preparing for and during the course of the trial.  You must not draw any unfavorable inference from that fact.  On the contrary, attorneys are obliged to prepare their case as thoroughly as possible and, in the discharge of that responsibility, they and their investigators may properly interview witnesses before the trial and as necessary throughout the course of the trial.  As I mentioned during the trial, you may consider the frequency and duration of these preparation sessions in evaluating the credibility of the witnesses, but there is nothing inappropriate about such meetings.

Uncharged Persons; Punishment

You have heard testimony and statements by counsel about other participants in the events giving rise to this case who are not defendants in the case.  Do not speculate about the reasons for that.  The only issue in this case is whether the government has proven the charges against this defendant beyond a reasonable doubt.

The question of possible punishment of a defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.  The duty of imposing sentence rests exclusively on the Court.  Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.  Under your oath as jurors, you cannot allow a consideration of the

punishment that may be imposed upon a defendant, if he is convicted, to influence your verdict in any way or enter into your deliberations in any sense.

Stipulations

When the parties agree on the existence of a fact, their agreement is called a stipulation. You the jury must accept such a stipulation and consider the stipulated fact proven beyond a reasonable doubt.

Transcripts of Recordings

The transcripts of the recorded conversations are not in and of themselves evidence. If you think you heard something other than what appears on a transcript, what you heard is controlling.

**THE CHARGES**

Acting "Knowingly" and "Intentionally"

Because all of the charges implicate the concepts of knowledge and intent, I will discuss these concepts before addressing the individual charges. A person acts knowingly if he acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted knowingly may be proven by his or her conduct and by all of the facts and circumstances surrounding the case.

A person acts intentionally when he acts deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective rather than the product of a mistake or accident. It is sufficient that a defendant intentionally engages in

conduct which the law forbids.  The government is not required to prove that a defendant is aware of the law that actually forbids his conduct.

<u>Aiding and Abetting</u> (**Counts 3, 4, 5, 6, 7, 8, 11, 12 and 13**)

In several of the counts, the defendant is charged, in addition to being a principal who committed the alleged crime, with aiding and abetting others to commit a crime.  With respect to those charges, it is not necessary for the government to show that a defendant himself physically committed the crime with which he is charged in order for the government to sustain its burden of proof.  This is because a person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you may find the defendant guilty of the offense charged if you find beyond a reasonable doubt that the government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

As you can see, the government must first prove beyond a reasonable doubt that another person has committed the crime charged.  Obviously, the defendant cannot be convicted of aiding or abetting the criminal acts of another if the government has failed to prove that a crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

In order for you to find that the defendant aided or abetted another to commit a crime, the government must prove beyond a reasonable doubt:

10

First, that the defendant knowingly associated himself in some way with the crime; and

Second, that he participated in the crime by doing some act to help make the crime succeed.

To establish that defendant knowingly associated himself with the crime, the government must prove that the defendant acted knowingly and intentionally.

To establish that the defendant participated in the commission of the crime, the government must prove that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.  The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime is not sufficient to establish aiding and abetting.  One who has no knowledge that a crime is being committed or is about to be committed but inadvertently does something that aids in the commission of that crime is not an aider and abettor.  An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

Did he participate in the crime charged as something he wished to bring about?

Did he knowingly associate himself with the criminal venture?

Did he seek by his actions to make the criminal venture succeed?

If he did all of these things, then the defendant is an aider and abettor, and therefore guilty of the offense. If, on the other hand, your answer to <u>any</u> one of these questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty.

\* \* \*

Let me now turn to the specific charges. I emphasize again that you must consider the evidence separately with respect to each count. You will be asked to render a separate verdict on each count, and I'll provide you with a verdict sheet that will assist you in doing so.

By way of overview, the defendant is charged with thirteen crimes: engaging in a continuing criminal enterprise (**Count One**), conspiracy to distribute cocaine (**Count Two**), attempting to possess cocaine with the intent to distribute it (**Counts Three and Four**), distributing cocaine (**Counts Five, Six and Seven**), possessing a firearm in connection with a drug trafficking offense (**Count Eight**), being a felon in possession of a firearm (**Count Nine**), conspiracy to commit money laundering (**Count Ten**), engaging in unlawful monetary transactions over $10,000 (**Count Eleven**), structuring financial transactions (**Count Twelve**) and obstruction of justice (**Count Thirteen**).

### *Counts Five, Six and Seven – Distribution and Possession of Cocaine With Intent To Distribute*

Counts Five, Six and Seven of the Indictment each charge that the defendant James Rosemond, with others, knowingly and intentionally distributed cocaine or possessed cocaine with the intent to distribute it. These three Counts involve the same crime, but charge the crime as to different time periods and different quantities of cocaine. Because the underlying law is the same, I will instruct you on these Counts simultaneously.

12

The crime of possession with intent to distribute has three elements.  First, the government must prove beyond a reasonable doubt that the defendant or someone he aided and abetted possessed cocaine; second, the government must prove beyond a reasonable doubt that the defendant knew that what was possessed was cocaine; and third, the government must prove beyond a reasonable doubt that the cocaine was distributed or possessed with the intent to distribute it.  The word "distribute" means to deliver, and deliver has a simple meaning: it means to transfer from one person to another.

As I mentioned, Counts Five, Six and Seven involve different time periods and different quantities of cocaine.  Count Five charges the defendant with possession of cocaine with the intent to distribute on April 28, 2010, and that at least five kilograms of cocaine was involved.  Count Six charges the defendant with possession of cocaine with the intent to distribute it on or between November 17, 2010, and December 29, 2010, and that at least five kilograms of cocaine was involved.  Count Seven charges the defendant with possession of cocaine with the intent to distribute it on April May 11, 2011, and that at least 500 grams of cocaine was involved.  The dates charged in these Counts, and in all of the following counts, are approximate.

If you determine that the defendant is guilty of any of the crimes charged in Counts Five, Six or Seven, you must also determine whether the government has established beyond a reasonable doubt that the offense involved the quantity of cocaine charged in the count you are considering.  You'll see those questions on the verdict sheet.

**Count Two – Conspiracy To Distribute Cocaine**

Count Two of the indictment charges that between January 1, 2007 and June 21, 2011, the defendant James Rosemond together with others knowingly and intentionally conspired to distribute and possess with intent to distribute five kilograms or more of a substance containing cocaine.

I've already instructed you about the elements of distributing and possessing cocaine with the intent to distribute. That crime is the objective of the conspiracy charged in Count Two. I won't repeat those instructions here. I will now instruct you on what the government must prove beyond a reasonable doubt in order for you to find the defendant guilty of conspiracy to commit that crime.

You may not find the defendant guilty of Count Two unless the government proves beyond a reasonable doubt the following two elements:

<u>First</u>, that two or more persons entered into the charged agreement -- to distribute and possess with the intent to distribute at least five kilograms of a substance containing cocaine.

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy.

Let me discuss these elements in a little more detail with you.

First, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged: an agreement to distribute and possess with the intent to distribute at least five kilograms of cocaine. One person cannot commit the crime of conspiracy alone. Rather, the proof must convince you that at least two persons joined together in a common criminal scheme. Now, the government need not prove an express or formal agreement. It need not prove that the alleged conspirators stated, in words or writing,

14

what the scheme was, its object or purpose, or the means by which it was to be accomplished.  It is sufficient if the proof establishes that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

Since a conspiracy is, by its very nature, characterized by secrecy, direct proof may not be available.  You may, therefore, infer the existence of a conspiracy from the circumstances of a case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  You may, in determining whether an agreement existed here, consider the actions and statements of all of those you find to be participants as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the indictment.

The second element the government must prove beyond a reasonable doubt with respect to Count Two is that the defendant became a member in the charged conspiracy with knowledge of its criminal goal or goals *and* intending by his actions to help it succeed.  I have explained to you already what it means to act knowingly and intentionally.  But in the context of the conspiracy charges that you'll consider, I want to stress that merely being present at a place where criminal conduct is underway does not make a person a member of a conspiracy to commit the crime.  This is true even if the person knows that a crime is being committed.  Similarly, the fact that a person, without any knowledge that a crime is being committed, merely happens to act in a way that furthers the purposes or objectives of the conspiracy does not make a person a member.  More is required under the law.  What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

15

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of guilt.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor parts in the scheme.  A defendant need not have known the identities of each and every member of the scheme.  He need not have been fully informed as to all of the details or the scope of the conspiracy.  He need not have been a member of the conspiracy for the entire time of its existence.  The key inquiry is simply whether the defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I want to caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy.  Similarly, mere association with one or more members of the conspiracy does not automatically make the defendant a member.  A person may know, or be friendly with, a criminal, without being a criminal himself.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

***Counts Three and Four – Attempted Possession With Intent to Distribute Cocaine***

Counts Three and Four of the Indictment each charge that James Rosemond, with others, knowingly and intentionally attempted to possess cocaine with the intent to distribute it.

16

These two Counts involve the same crime, but charge the crime as to different time periods. Because the underlying law is the same, I will instruct you on these Counts simultaneously.

I've already instructed you about the elements of possessing cocaine with the intent to distribute.  I won't repeat those instructions here.  In Counts Three and Four, the defendant is charged with *attempting* to commit that crime.  Before you may find the defendant guilty of either charge, you must find that the government has proved that the defendant attempted to commit the charged crime.

A defendant is guilty of attempt when the government proves beyond a reasonable doubt two things:   first, that he intended to commit the crime; and second, that he did some act that was a substantial step in an effort to bring about or accomplish the crime.  Mere intention to commit a specific crime does not amount to an attempt. In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged, and that he took some action which was a substantial step toward the commission of that crime.

In determining whether the defendant's actions amounted to a substantial step toward the commission of the crime, it is necessary to distinguish between mere preparation on the one hand, and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt.  The acts of a person who intends to commit a crime will constitute an attempt when the acts themselves clearly indicate an intent to commit the crime, and the acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

17

As I mentioned, Counts Three and Four involve different time periods.  Count Three charges the defendant with attempting to possess cocaine with the intent to distribute it on May 29, 2009.  Count Four charges the defendant with attempting to possess cocaine with the intent to distribute it on August 25, 2009.

Both Counts Three and Four allege that that quantity involved was at least five kilograms.  Thus, if you determine that the defendant is guilty of either of the crimes charged in Counts Three or Four, you must also determine whether the government has established beyond a reasonable doubt that the defendant is responsible for attempting to possess with the intent to distribute at least five kilograms of cocaine.

### Count One – Continuing Criminal Enterprise

Count One charges the defendant and others with knowingly and intentionally engaging in a continuing criminal enterprise between January 1, 2007, and June 21, 2011.  In effect the government has charged that this defendant has engaged in the business of trafficking in illegal drugs on a continuing, serious, widespread, supervisory and substantial basis.  In order to meet its burden of proof on this offense, the government must prove beyond a reasonable doubt each of the following five elements of the offense:

First, that the defendant committed at least one violation of the federal drug laws that constitutes a felony.

Second, that this offense was part of a series of three or more offenses committed by the defendant in violation of federal drug laws.

Third, that the defendant committed the offenses in this series of violations in concert with five or more persons.

18

Fourth, that the defendant acted as an organizer, supervisor or manager of these five or more persons.

And fifth, that the defendant obtained substantial income or resources from the series of violations of federal drug laws.

With respect to the first element, the government must prove beyond a reasonable doubt that the defendant committed at least one felony drug offense.  The government has alleged that the defendant committed 25 separate felony violations of federal drug laws.  Each of these 25 alleged violations falls into one of three categories of offenses:  conspiracy to distribute cocaine, distribution of cocaine or attempt to possess with the intent to distribute cocaine.  I have already described to you the elements of these three offenses in connection with my instructions regarding Counts Two through Seven.  In fact, Counts Two through Seven correspond to the first six of the 25 violations alleged by the government.  Thus, if you find that the government has proved beyond a reasonable doubt that the defendant is guilty of any of the offenses charged in Counts Two through Seven of the indictment, then you should find that this first element of the continuing criminal enterprise charge has also been satisfied.  As a reminder, I will briefly summarize the first six alleged violations, which again correspond to Counts Two through Seven of the Indictment:

1.      Violation One charges conspiracy to distribute cocaine on or about and between January 1, 2007, and June 21, 2011;

2.      Violation Two charges attempted possession of cocaine with intent to distribute on or about May 29, 2009;

3.      Violation Three charges attempted possession of cocaine with intent to distribute

19

on or about August 25, 2009;

4.      Violation Four charges cocaine distribution on or about and between April 17, 2010, and April 28, 2010;

5.      Violation Five charges cocaine distribution on or about and between November 17, 2010, and December 29, 2010;

6.      Violation Six charges cocaine distribution on or about May 11, 2011.

The other violations alleged in the Indictment in connection with the continuing criminal enterprise charge do not correspond to any of the other Counts charged.  The remaining violations are as follows:

7.      Violation Seven charges cocaine distribution on or about June 2, 2009;

8.      Violation Eight charges cocaine distribution on or about July 10, 2009;

9.      Violation Nine charges cocaine distribution on or about July 15, 2009;

10.     Violation Ten charges cocaine distribution on or about July 16, 2009;

11.     Violation Eleven charges cocaine distribution on or about July 21, 2009;

12.     Violation Twelve charges cocaine distribution on or about July 22, 2009;

13.     Violation Thirteen charges cocaine distribution on or about July 28, 2009;

14.     Violation Fourteen charges cocaine distribution on or about July 31, 2009; and

15.     Violation Fifteen charges cocaine distribution on or about August 14, 2009;

16.     Violation Sixteen charges cocaine distribution on or about August 18, 2009;

17.     Violation Seventeen charges cocaine distribution on or about August 20, 2009;

18.     Violation Eighteen charges cocaine distribution on or about August 25, 2009;

19.     Violation Nineteen charges cocaine distribution on or about May 21, 2010;

20.     Violation Twenty charges cocaine distribution on or about July 2, 2010;

21.     Violation Twenty-One charges cocaine distribution on or about July 27, 2010;

22.     Violation Twenty-Two charges cocaine distribution on or about August 23, 2010;

23.     Violation Twenty-Three charges cocaine distribution on or about September 7, 2010;

24.     Violation Twenty-Four charges cocaine distribution on or about September 22, 2010; and

25.     Violation Twenty-Five charges cocaine distribution on or about October 9, 2010.

Again, unless the government has proved beyond a reasonable doubt that the defendant committed at least one of the 25 alleged violations, then you must return a verdict of not guilty on Count One.

The second element that the government must prove beyond a reasonable doubt is that this violation was part of a continuing series of violations of the federal drug laws.  A continuing series of violations is three or more violations of the federal drug laws committed over a definite period of time and related to each other in some way, as distinguished from isolated or disconnected acts.

You must unanimously agree that at least three specific violations constituted a continuing series of violations.

The verdict form I will give you will list each of the alleged violations of federal drug laws alleged by the government that you may consider in determining whether the government has proven a continuing series of violations.  You must consider the evidence separately with regard to each and render separate verdicts as to whether the government has

21

proven each alleged violation beyond a reasonable doubt.

The third element which the government must prove beyond a reasonable doubt is that the defendant committed the continuing series of violations in concert with five or more persons. These persons do not have to be named in the Indictment. They could be others who you find, beyond a reasonable doubt, were persons with whom the defendant committed the violations.

You do not have to find that the five or more persons acted together at the same time, or that the defendant personally dealt with them together. You also do not have to find that the defendant had the same relationship with each of the five or more persons. However, the government must prove beyond a reasonable doubt that the defendant and at least five other persons were part of an agreement or joint action to commit the continuing series of violations of the federal drug laws.

The fourth element the government must prove beyond a reasonable doubt is that the defendant occupied the position of organizer, supervisor or manager with respect to these five or more persons. In considering whether the defendant occupied such a position, you should give the words "organizer, supervisor or manager" their ordinary, everyday meaning.

The continuing criminal enterprise law distinguishes between what amounts to employees of the enterprise and those who conceive of and coordinate the enterprise's activities. The government need not prove that the defendant was the single ringleader of the enterprise. An enterprise may have more than one organizer or ringleader. The government meets its burden on this element if it proves beyond a reasonable doubt that the defendant exercised organizational, supervisory or managerial responsibilities over the five or more persons. As I

22

have instructed you, the government need not prove that the same type of superior subordinate relationship existed between the defendant and each of the people he allegedly organized, supervised or controlled.

In considering whether the defendant occupied an organizational, supervisory or managerial relationship with respect to the five or more persons, you should consider evidence that might distinguish the defendant's position from that of an underling in the enterprise.  Did the defendant negotiate large scale purchases or sales of the narcotics?  Did he make arrangements for transportation or money laundering?  Did he instruct the participants in the transactions?  These inquiries are not conclusive.  They are the kinds of questions you should ask yourselves in thinking about the defendant's role in these activities and his relationship with other persons involved in them.

The final element the government must prove beyond a reasonable doubt is that the defendant derived substantial income or resources from this continuing series of federal drug law violations.  The law does not set forth a minimum amount of money required to constitute substantial income, but it clearly intends to exclude trivial amounts derived from occasional narcotics sales.  If you determine that the defendant received only small sums of money or other insignificant gain from drug related activity, you must find him not guilty of Count One.

In considering whether the defendant derived substantial income or resources from the continuing series of drug law violations, you may consider the defendant's gross income and anticipated profits from these violations as well as the net profits he actually realized from them.  You may also consider evidence from which you can infer a receipt of substantial income or resources, such as lavish spending with no visible, legitimate, source of income.  Keep

in mind, however, that the government must prove that the defendant actually obtained

substantial income from his narcotics activities and that, as with all other elements of the offense,

the government must prove this element of the offense beyond a reasonable doubt.  Thus, for

example, if you find that the defendant's income reasonably might have come from activities that

were not part of a continuing series of violations of federal drug laws, then you must find the

defendant not guilty of Count One.

**Count Eight – Firearms Possession in Connection With Drug Trafficking**

Count Eight charges the defendant with using and carrying a firearm during and

in relation to the drug trafficking crimes alleged in Counts One through Seven of the Indictment,

and of possessing a firearm in furtherance of those crimes.  A necessary predicate to your

consideration of this charge is a finding of guilt on one or more of the offenses charged in Counts

One through Seven.  In the absence of such a finding, you'll not consider Count Eight.

To prove Count Eight, the government must prove beyond a reasonable doubt that

(1) the defendant committed one or more of the drug trafficking crimes referenced in Counts One

through Seven, and (2) he knowingly possessed a firearm in furtherance of the drug trafficking

crime that he committed.

The second element may be satisfied by proof that the defendant "possessed" the

firearm in furtherance of a drug trafficking crime.  To prove that the defendant possessed the

firearm in furtherance of the crime, the government must prove that the defendant had possession

of the firearm and that such possession was in furtherance of that crime.  Possession means that

defendant either had physical possession of the firearm on his person or that he had dominion

and control over the place where the firearm was located and had the power and intention to

exercise control over the firearm.  To possess a firearm in furtherance of the crime means that the firearm helped forward, advance or promote the commission of the crime.  The mere possession of the firearm at the scene of the crime is not sufficient under this definition.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

In order to find the defendant guilty of the crime charged in Count Eight, you must reach a unanimous agreement about which specific drug trafficking crime or crimes the defendant knowingly and intentionally possessed a firearm in furtherance of.

### Count Nine – Felon in Possession of a Firearm

Count Nine of the indictment charges that on April 28, 2010, the defendant James Rosemond, having previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, knowingly and intentionally possessed, in and affecting commerce, a firearm.

The government must prove each of the following elements beyond a reasonable doubt in order to sustain its burden of proving the defendant guilty:

First, that the defendant was convicted in any court of a crime punishable by imprisonment for a term exceeding one year, as charged;

Second, that the defendant knowingly possessed a firearm or ammunition, as charged; and

Third, that the possession charged was in or affecting interstate commerce prior to the defendant's possession of it.

With respect to the first element, the parties have stipulated to the fact that prior to April 28, 2010, the defendant was convicted in a court of a crime punishable by imprisonment

for a term exceeding one year.  Accordingly, you should regard this stipulated fact as true.

I instruct you, in this connection, that the prior conviction that is an element of the charge here (and is not disputed) is only to be considered by you for the fact that it exists, and for nothing else.  You are not to consider it for any other purpose.  You are not to speculate as to what it was for.  You may not consider the prior conviction, among other things, in deciding whether it is more likely than not that the defendant was in knowing possession of the gun that is charged.

With respect to the second element, the government is not required to prove that at the time of the possession the defendant knew that he was breaking the law.  It is sufficient if you find that the defendant possessed the firearm or ammunition voluntarily and knowingly, and not by accident or mistake.

With respect to the third element, the parties have stipulated that the firearms about which you heard testimony were manufactured outside the State of New York, and traveled in interstate commerce into the State of New York prior to the date the defendant is alleged to have possessed them.  Therefore, you should regard these stipulated facts as true.

### Count Ten – Money Laundering Conspiracy

Count Ten of the indictment charges that between January 1, 2007, and June 21, 2011, the defendant James Rosemond and others knowingly and intentionally conspired to transfer and deliver U.S. currency that involved the proceeds of illegal drug trafficking, and did so with the intent to promote the carrying on of that illegal drug trafficking.

I've already instructed you on the elements of a conspiracy charge in connection with Count Two and the same principles apply to the conspiracy charge in Count Ten.  By way

26

of brief summary, in order to prove the crime of conspiracy, the government must establish the following elements of the crime beyond a reasonable doubt.

First, that two or more persons entered into the charged agreement – to launder money.

Second, that the defendant knowingly and intentionally became a member of the conspiracy.

I will now instruct you as to the crime charged as the object of the conspiracy in Count Ten – the crime of money laundering.  The crime of money laundering consists of the following three elements:

First, conducting (or attempting to conduct) a financial transaction involving property constituting the proceeds of the drug trafficking offenses charged in Counts One through Seven of the indictment.

Second, knowledge that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

Third, acting with the intent to promote the carrying on of the drug trafficking offenses charged in Counts One through Seven of the indictment.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.  The term "financial transaction" means a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.  A "transaction involving a financial institution" includes a

deposit, withdrawal, transfer between accounts, purchase or sale of any monetary instrument or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

***Count Eleven – Unlawful Monetary Transactions Over $10,000***

Count Eleven charges that between January 1, 2007, and June 21, 2011, the defendant James Rosemond and others knowingly and intentionally engaged in one or more monetary transactions in and affecting interstate commerce in criminally derived property that was of a value greater than $10,000 and that was derived from the illegal drug trafficking charged in Counts One through Seven of the Indictment.  The monetary transactions alleged are the purchase, deposit, transfer and exchange of money orders, the deposit of U.S. currency and money orders into bank accounts, the purchase of jewelry, and paying a portion of a mortgage loan.

In order to prove the crime charged in Count Eleven, the government must establish beyond a reasonable doubt each of the following elements:

First, that the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce.

Second, that the monetary transaction involved criminally derived property of a value greater than $10,000.

Third, that the property was derived from specified unlawful activity, which here consists of the drug trafficking offenses charged in Counts One through Seven of the indictment.

Fourth, that the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense.

28

Fifth, that the transaction took place in the United States.

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce. The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution. The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

### Count Twelve – Structuring Financial Transactions

Count Twelve charges the defendant James Rosemond and others with knowingly and intentionally structuring and assisting in structuring one or more purchases of money orders from the United States Postal Service for the purpose of evading reporting requirements imposed by federal law.

In order to prove the crime charged in Count Twelve, the government must prove beyond a reasonable doubt each of the follow elements:

First, that the defendant knew of the reporting requirement.

Second, that the defendant engaged in the structuring of a currency transaction.

And third, that the defendant acted with the intent to evade the reporting requirement.

The first element requires that the government prove beyond a reasonable doubt that the defendant knew of the currency transaction reporting requirement. Federal law prevents the United States Postal Service from issuing or selling a money order to any individual in

connection with a transaction or group of contemporaneous transactions which involved United States currency in amounts or denominations of $3,000 or more, unless the individual furnished the United States Postal Service with photo identification and filled out United States Postal Service Form 8105-A, which required the purchaser to provide other identifying information, including but not limited to the purchaser's name, address, telephone number, date of birth and Social Security Number.

With respect to the second element, purchasing a money order from a post office with U.S. currency, as opposed to a check or a credit card, is a currency transaction. Structuring of a transaction occurs when a person, acting alone or with others, conducts or attempts to conduct one or more currency transactions, in any amount, at one or more financial institutions, on one or more days, for the purpose of evading the reporting requirement I have described. Structuring includes, but is not limited to, breaking down a sum of currency exceeding $3,000 into smaller amounts each less than $3,000 and then conducting a series of separate currency transactions in those smaller amounts in order to avoid the reporting requirement. The transactions need not exceed $3,000 at any single financial institution or on any single day in order to constitute structuring.

The third element the government must prove beyond a reasonable doubt is that the defendant engaged in structuring with the intent to evade the reporting requirement.

***Count Thirteen – Obstruction of Justice***

Count Thirteen charges the defendant James Rosemond and others with obstructing justice by knowingly and intentionally tampering with a witness, Henry Butler, between September 1, 2010, and January 31, 2011.

In order to prove the defendant guilty of obstruction of justice, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about the dates charged, the defendant corruptly persuaded Henry Butler, or attempted to do so.

And second, that the defendant acted knowingly and with the specific intent to hinder, delay or prevent the communication to a law enforcement officer of the United States of information relating to the commission or possible commission of federal drug crimes.

To "corruptly persuade" means to act knowingly with a wrongful, immoral or evil purpose to convince or induce another person to engage in certain conduct.  With respect to the second element, if you find that defendant acted with the intent to hinder communication to a specific law enforcement officer or group of officers, this element is satisfied if that officer or one of the group of officers was a federal law enforcement officer regardless of whether the defendant knew that the officer was a federal law enforcement officer.  On the other hand, if you find that the defendant was *not* acting with the intent to hinder communication to a particular officer or group of officers, then this element is satisfied only if you find that there was a reasonable likelihood that had Henry Butler been able to communicate with law enforcement officers at least one relevant communication would have been made to a federal law enforcement officer.

I do want to stress in connection with this charge that it is lawful and permissible for an individual to instruct his attorney to interview potential witnesses against him.  Indeed, an attorney has a responsibility to investigate potential charges and to interview potential witnesses against his client.  It is also lawful and permissible for an individual to hire an investigator to locate and interview potential witnesses against him.

## CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to the charges in this case and the processes by which you should weigh the evidence and determine the facts.  In a few minutes you will retire to the jury room for your deliberations.

Traditionally, juror number one acts as foreperson.  However, you are free to choose another juror to act as a foreperson.  In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course, his or her vote is not entitled to any greater weight than that of any other juror.

Your function, to reach a fair conclusion from the law and the evidence, is an important one.  Your verdicts must be unanimous.

When you return to the jury room, you may now discuss the case.  It is, in fact, the duty of each of you to consult with your fellow jurors and to deliberate with a view of reaching agreement on a verdict, if you can do so without violating your individual judgment and your conscience.  In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is.  Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors.  Nevertheless, I do ask you to examine the issues and the evidence before you with candor

and frankness and a proper deference to and regard for the opinions of one another.  Do not hesitate to change your opinions if you are convinced they are wrong.  Remember that the parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors:  to well and truly try the issues of this case and a true verdict render.

If it becomes necessary during your deliberations to communicate with me for any reason, simply send me a note signed by your foreperson.  No member of the jury should ever attempt to communicate with me or with any court personnel by any means other than a signed writing.  I will not communicate with any member of the jury on any subject touching on the merits of this case other than in writing or orally here in open court.

As I have told you, if you wish to have any portion of the testimony repeated, you may simply indicate that in a note.  Be as specific as you can be if you make such a request.  Let us know which part of which witness's testimony you want to hear, and please be patient while we find it in the record.  If you need further instructions on any point of law, you should indicate that in a note.  If you wish to see any of the exhibits received in evidence, you may request those as well, and they will be sent into the jury room for your inspection.

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate in the note what the verdict is.  In no communication with the court should you ever give a numerical count of where the jury stands in its deliberations.

Before now asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

33