SLR:LDM/BDM:KKO
F. #2011R00935

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JAMES ROSEMOND,

              Defendant.

- - - - - - - - - - - - - - - - X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 2 2 2014 ★

**BROOKLYN OFFICE**

STIPULATED SETTLEMENT
AGREEMENT AND ORDER BETWEEN
THE UNITED STATES, JFKYYZ BRIDGE
L.P. AND BOARD OF MANAGERS OF
THE 7 METROTECH CONDOMINIUM

Criminal Docket No.11-424 (JG)(VVP)

Whereas, on October 25, 2012, a Preliminary Order of Forfeiture was entered in the above-captioned action ordering the forfeiture of the real property located at 101 Willoughby Street/365-66 Bridge Street, Unit 20B, Brooklyn, New York ("Unit 20B") and 101 Willoughby Street/365-66 Bridge Street, Unit 20C, Brooklyn, New York ("Unit 20C"; collectively, the "Properties"), among other properties, to the United States of America ("United States");

Whereas, the Properties have been physically combined into a single apartment but continue to have separate deeds and incur separate taxes and charges;

JFKYYZ (Unit 20B)

Whereas, on January 7, 2014, JFKYYZ Bridge L.P. ("JFKYYZ") filed a Notice of Motion for Hearing and Petition in which it claims to have an interest in Unit 20B arising out of a mortgage (the "Mortgage") recorded on October 14, 2008, and execution of a

note (the "Note") dated June 6, 2008, that were transferred to JFKYYZ on or about December 3, 2013;

Whereas, the Mortgage secures a Note in the original principal amount of $802,500.00;

Whereas, on February 14, 2014, summary judgment was awarded to JFKYYZ's predecessor in interest on the Mortgage and Note in a foreclosure action against Unit 20B, captioned VNB New York Corp. v. Quo Realty LLC, James Rosemond, et al., Index no. 19967/12 (N.Y. Sup. Kings Cty.) (the "foreclosure action");

Whereas, on March 5, 2014, the judge presiding over the foreclosure action appointed a referee to compute the sums due and owing the plaintiff;

Whereas, on April 9, 2014, the referee issued a report stating the amount due to JFKYYZ is $929,466.53;

7 Metrotech Condominium Board (Unit 20B and Unit 20C)

Whereas, on January 17, 2014, the Board of Managers of the 7 Metrotech Condominium (the "Condominium Board") filed a Motion for Adjudication of Interest in the Properties arising out of liens for unpaid common charges recorded on April 26, 2012 against Unit 20B in the amount of $4,667.87, and recorded on January 17, 2012 against Unit 20C in the amount of $6,318.05;

Whereas, in its motion, the Condominium Board noted that as of January 17, 2014, $52,666.44 in unpaid common charges and additional arrears as to the Properties were outstanding and owing under the by-laws governing the 7 Metrotech Condominium.

Whereas, as of February 11, 2014, $26,498.85 in common charges, capital assessments, utility charges, and attorney's fees were owed to the Condominium Board, exclusive of late fees, with respect to Unit 20B;

Whereas, on the same date, $29,056.46 in common charges, capital assessments, utility charges, and attorney's fees were owed to the Condominium Board, exclusive of attorney's fees, with respect to Unit 20C;

Whereas, the United States, JFKYYZ and the Condominium Board hereby desire to resolve JFKYYZ's and the Condominium Board's respective claimed interests in the Properties pursuant to the terms set forth in this stipulated settlement agreement (the "Agreement");

IT IS HEREBY STIPULATED, AGREED, AND ORDERED as follows:

JFKYYZ

1.      Upon entry of a final order and judgment of forfeiture forfeiting the Properties to the United States (the "Final Order of Forfeiture"), the United States agrees to pay $929,466.53, plus the sum of $145.31 per day (representing interest accruing daily at a rate of 6.75% per annum) during the period from April 9, 2014 to the date that JFKYYZ is paid off out of the proceeds of a future sale of Unit 20B.

2.      The above-described payment will be made to JFKYYZ from proceeds remaining from the sale of Unit 20B after payment of outstanding taxes and reasonable and customary expenses incurred by the Internal Revenue Service ("IRS"), or its agent(s), in connection with its custody and sale of Unit 20B. If the Properties are sold together as a single apartment (with separate deeds), all taxes, expenses, and payments referred to herein shall be paid from the total proceeds of such sale.

3

3.      The payment to JFKYYZ shall be in full settlement and satisfaction of all claims by JFKYYZ to Unit 20B and all claims resulting from the incidents or circumstances giving rise to the seizure, detention, and forfeiture of Unit 20B.

4.      JFKYYZ hereby releases, remises and forever discharges any claims to Unit 20B that it has or may have under the Note and the Mortgage. Further, JFKYYZ agrees not to pursue against the United States or Unit 20B any other rights that it may claim to have under the Mortgage, including but not limited to the right to foreclose upon and sell Unit 20B and any right to assess additional interest or penalties.

5.      JFKYYZ understands and agrees that by entering into this Agreement, it waives any rights to further litigate its claimed interest in Unit 20B or to petition for remission or mitigation of the forfeiture, and will withdraw its petition for remission or forfeiture within 30 days of the Court so-ordering this stipulation. Thereafter, unless specifically directed by an order of this Court, JFKYYZ shall be excused and relieved from further participation in this action.

6.      Upon payment, JFKYYZ agrees to assign and convey its interest in Unit 20B to the United States. JFKYYZ agrees to execute further documents, to the extent necessary, to ensure that clear title to Unit 20B passes to the United States and to further implement the terms of this Agreement. The United States or any purchaser of Unit 20B shall be responsible for all transfer taxes or other costs or fees associated with the transfer of JFKYYZ's interests in Unit 20B.

7.      Nothing in this stipulation shall prevent JFKYYZ from offering to purchase the Properties at a commercially reasonable price or prevent the government from accepting a commercially reasonable offer made by JFKYYZ for the Properties. Nothing in

4

this stipulation shall obligate the government to accept an offer by JFKYYZ to purchase the Properties.

The Condominium Board

8.      Upon entry of the Final Order of Forfeiture, the United States agrees to pay the Condominium Board $26,498.85 out of the proceeds of the sale of Unit 20B, and $29,056.46 out of the proceeds of the sale of Unit 20C. In addition, for each unit, the United States consents to payment out of the proceeds of the sale of said unit to the Condominium Board of any capital assessments and common charges applied in the ordinary course to each of the Properties which accrue from February 1, 2014 through the date of the closing on the sale(s) of such Properties, pursuant to invoices to be presented by the Condominium Board to the IRS at or prior to the closing(s). If the Properties are sold together as a single apartment (with separate deeds), all taxes, expenses, and payments referred to herein shall be paid from the total proceeds of such sale.

9.      The above-described payments will be made to the Condominium Board after payments of outstanding taxes and reasonable and customary expenses incurred by the IRS, or its agent(s), in connection with its custody and sale of the Properties.

10.     The payment to the Condominium Board for Unit 20B shall be in full settlement and satisfaction of all claims by the Condominium Board to Unit 20B and all claims resulting from the incidents or circumstances giving rise to the seizure, detention, and forfeiture of the Unit 20B.

11.     The payment to the Condominium Board for Unit 20C shall be in full settlement and satisfaction of all claims by the Condominium Board to Unit 20C and all claims resulting from the incidents or circumstances giving rise to the seizure, detention, and forfeiture of the Unit 20C.

12.    Conditioned upon the parties' performance of the obligations set forth in this Stipulation, the Condominium Board hereby releases, remises and forever discharges any claims to the Properties that it has or may have pursuant to the liens. Further, the Condominium Board agrees not to pursue against the United States any other rights that it may claim to have under the liens, including but not limited to any right to foreclose upon and sell the Properties and any right to assess additional interest or penalties.

13.    The Condominium Board understands and agrees that by entering into this Agreement, it waives any rights to further litigate its claimed interest in the Properties or to petition for remission or mitigation of the forfeiture, and, conditioned upon the parties' performance of the obligations set forth in this Stipulation, will withdraw its petition for remission or mitigation of the forfeiture and for payment by the United States of monthly common expense charges, special assessments, and any other assessments that may be assessed against each of the Properties within 30 days of the Court so-ordering this stipulation. Thereafter, unless specifically directed by an order of this Court, the Condominium Board shall be excused and relieved from further participation in this action.

14.    Upon receipt of the above-described payments from the proceeds of the sale of Unit 20B, the Condominium Board agrees to assign and convey its lien interest in Unit 20B to the United States. Upon payment of the above-described payments from the proceeds of the sale of Unit 20C, the Condominium Board agrees to assign and convey its lien interest in Unit 20C to the United States. The Condominium Board agrees to execute further documents, to the extent necessary, to ensure that clear title to the Properties passes to the United States and to further implement the terms of this Agreement.

*       *       *

6

15.    JFKYYZ and the Condominium Board agree to release and hold harmless the United States, and any agents, servants, and employees of the United States, including, but not limited to, the United States Department of Justice, the United States Attorney's Office for the Eastern District of New York, the IRS, and the Drug Enforcement Administration, from any and all claims by JFKYYZ, the Condominium Board, and their agents which currently exist or which may arise as a result of the Government's action against the Properties, including but not limited to attorney's fees or costs of litigation.

16.    JFKYYZ and the Condominium Board agree to join any Government motions for interlocutory or stipulated sale of the Properties, if necessary prior to entry of a final order of forfeiture, and any motions to remove occupants from the Properties for nonpayment of mortgage or rent, destruction of the Properties, or other just cause.

17.    The United States, in its sole discretion may elect to discontinue its forfeiture action with respect to the Properties. JFKYYZ and the Condominium Board understand and agree that in the event of a discretionary discontinuance of the forfeiture action, this Agreement shall be null and void. A discretionary discontinuance of the forfeiture action shall not be a basis for any award of fees, and JFKYYZ and the Condominium Board hereby expressly waive their rights to seek or recover any such fees.

18.    If Unit 20B and Unit 20C are sold independently, the United States reserves the right to release Unit 20B to JFKYYZ in the event that the outstanding balance owed to JFKYYZ alone, or to JFKYYZ and the Condominium Board together, is greater than the value of Unit 20B. In that event, JFKYYZ, as owner of Unit 20B will be liable to the Condominium Board for the payments due under this Agreement pertaining to Unit 20B. Nothing herein shall bar JFKYYZ from asserting any defense it may have to the payment of any Condominium charges. The United States further reserves the right to release Unit 20C

7

to the Condominium Board in the event that the outstanding balance owed to the Condominium Board for Unit 20C is greater than the value of Unit 20C. In no event shall the United States be liable for any payments to JFKYYZ or the Condominium Board in the event that the net proceeds from the sale of the Properties, or any one of the Properties, is less than the full amount due.

19.    The Court shall maintain jurisdiction over this action to effectuate the Settlement in this matter.

20.    This Stipulation constitutes the entire agreement between the parties respecting the resolution of this action and may not be modified or amended except by written agreement executed by each of them.

Dated:    Brooklyn, New York
          May ___16___, 2014

                         LORETTA E. LYNCH
                         United States Attorney
                         *Attorney for Plaintiff*
                         Eastern District Of New York
                         271 Cadman Plaza East
                         Brooklyn, New York 11201

By:

                         Karin Orenstein, Assistant United States Attorney
                         (718) 254-6188

                         Newman Law, P.C.
                         *Attorney for Claimant JFKYYZ Bridge L.P.*
                         420 Central Avenue, 3rd Floor
                         Cedarhurst, NY 11516

By:      *Evan M. Newman*

                         Evan M. Newman, Esq.
                         (516) 545-0343

8

Alex Hofstedter
Representative of Claimant JFKYYZ Bridge L.P.

Baltzis Daigle LLP
*Attorney for Claimant Board of Managers of the*
*7 Metrotech Condominium*
592 Fifth Avenue, 4th Floor
New York, New York 10036

By: _____
Konstantinos G. Baltzis, Esq.
(212) 813-3317

_____
By: *Stacy Cowley*
Representative of Claimant Board of Managers of
the 7 Metrotech Condominium

So Ordered:

s/John Gleeson
_____
HONORABLE JOHN GLEESON
UNITED STATES DISTRICT JUDGE

9